UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DALE MADDOCKS | | ) |
| Plaintiff | | ) |
| v. | | ) |
| | | ) |
| PORTLAND POLICE DEPARTMENT | | ) |
| | & | ) |
| | | ) |
| PORTLAND POLICE DEPARTMENT | | ) |
| CHIEF Michael Sauschuck | | ) |
| | & | )    5:15-CV- |
| | | ) |
| PORTLAND POLICE DEPARTMENT | | ) |
| OFFICER Jessica Brown | | ) |
| | & | ) |
| | | ) |
| PORTLAND POLICE DEPARTMENT | | ) |
| SERGEANT Frank Heath Gorham | | ) |
| | & | ) |
| | | ) |
| PORTLAND POLICE DEPARTMENT | | ) |
| OFFICER Henry Johnson | | ) |
| | & | ) |
| | | ) |
| COUNTY OF CUMBERLAND | | ) |
| | & | ) |
| | | ) |
| CUMBERLAND COUNTY SHERIFF | | ) |
| Kevin Joyce | | ) |
| | & | ) |
| | | ) |
| Unknown Cumberland County | | ) |
| Sheriff's Deputy | | ) |
| | & | ) |
| | | ) |
| Unknown Cumberland County Jail | | ) |
| Correctional Officers | | ) |
| | | ) |
| Defendants | | ) |

COMPLAINT

**NOW COMES** the Plaintiff by and through his attorney Chris A. Nielsen and complains against the Defendants and shows to this Court and respectfully alleges as follows:

THE PARTIES

1.   Plaintiff, Dale Maddocks is a natural person who is a resident of the State of Maine.

2.   Defendant Chief Michael Sauschuck is and was at all times relevant to this matter employed by the City of Portland as its Police Chief.

3.   Defendant Officer Jessica Brown is and was at all times relevant to this matter employed by the City of Portland through the Portland Police Department (hereinafter "PPD") located in Portland, County of Cumberland, State of Maine.

4.   Defendant PPD Sergeant Frank Heath Gorham is and was at all times relevant to this matter employed by the City of Portland through PPD located in Portland, County of Cumberland, State of Maine.

5.   Defendant Officer Henry Johnson is and was at all times relevant to this matter employed by the City of Portland through PPD located in Portland, County of Cumberland, State of Maine.

6.   Defendant Kevin Joyce (Sheriff Joyce) is and was at all times relevant to this matter employed by the County of Cumberland as Sheriff, with offices in Portland, County of Cumberland and State of Maine.

7.   Defendant unknown Sheriff's Deputy, was at all times relevant to this matter employed by the County of Cumberland through the Sheriff's office as a Sheriff's Deputies, located in Portland, County of Cumberland and State of Maine.

8.   Defendants Unknown Cumberland County Jail Correctional Officers unknown, were at all times relevant to this matter employed by the County of Cumberland through the Sheriff's office as a Corrections Officer at the Cumberland County Jail (hereinafter CCJ) located in Portland, County of Cumberland and State of Maine.

FACTS

9.   On May 8, 2013 Officers Gorham, Brown and Johnson responded
     to a disturbance involving Plaintiff's girlfriend Bonnie
     McGregor (Bonnie) of Brighten Ave at Riverside Street in
     Portland.

10.  Upon arrival the PPD officers first spoke with Bonnie.
     Soon thereafter Plaintiff arrived on scene and spoke with
     the three PPD officers.

11.  Upon speaking with Plaintiff Sergeant Gorham saw and
     confirmed Plaintiff to be carrying a handgun.

12.  Sergeant Gorham noticed the handgun less than one minute
     into his interaction with Plaintiff.

13.  The PPD officers stated that said handgun was "partially
     concealed" to which Plaintiff informed Sergeant Gorham that
     he was openly carrying a Colt Commander 1911 style handgun.

14.  As a result of seeing Plaintiff carrying a handgun,
     Sergeant Gorham detained Plaintiff and Officer Johnson
     arrested Plaintiff, notwithstanding Plaintiff'
     protestations that he was openly carrying as is his right
     under the Maine law, and transported him to Cumberland
     County Jail.

15.  Plaintiff was booked at the County jail and placed in a
     cell.

16.  Shortly thereafter an unknown Sheriff's deputy and several
     unknown CCJ corrections officers entered the cell and
     requested Plaintiff's clothing.

17.  Plaintiff verbally declined to surrender his clothes.

18.  As a result of this comment the county employee Defendants
     took Plaintiff from his cell, dragged him into a "drunk
     tank" and through an excessive use of force, assaulted
     Plaintiff.

19.  Plaintiff, who has two aneurisms on his aorta, did not
     resist, as he placed his hands on his chest and simply
     suffered through the assault.

20. Subsequent to the excessive use of force, Plaintiff was left in the "drunk tank" in his underwear all night with the air conditioner running.

21. Periodically through the night one of the Correctional Officers involved in beating Plaintiff would return to ask Plaintiff "how are you doing retard?"

22. Plaintiff informed the Corrections Officers of the severe pain he experienced, however CCJ took no action.

23. Plaintiff's girlfriend Bonnie was placed in the cell next to Plaintiff's and was subjected to listening Plaintiff get assaulted. She confirms hearing Plaintiff's assault and that she did not hear anything that would indicate Plaintiff physically resisted.

24. Immediately upon being released from custody Plaintiff visited the Veterans Hospital where he was diagnosed with a concussion and a separated rib caused from the assault.

25. Subsequently, a formal criminal charge of carrying a concealed weapon was brought against Plaintiff.

26. The criminal case progressed to a jury trial on October 16, 2013.

27. After the close of the State's case Plaintiff's counsel moved for a Directed Verdict asserting that as matter of law Plaintiff was not carrying a concealed weapon.

28. Judge Richard Mulhern ruled in favor of Plaintiff and dismissed the criminal case as was not carrying a concealed weapon as a matter of law.

29. As of this date, Plaintiff continues to experience severe pain, discomfort and a lack of mobility from the injuries, along with the effects of the concussion and as a result, will require treatment for the foreseeable future.

30. Due to the grievous injury suffered at the hands of Cumberland County Sheriff's deputy and CCJ Corrections Officers and the resulting pain, Plaintiff experienced a significant worsening of his condition.

31. Plaintiff continues to suffer from the negative effects of
    the injuries and as a result, will require treatment for
    the foreseeable future.

                            COUNT I
                        FALSE IMPRISONMENT
          Portland Police Officers Brown, Gorham and Johnson

32. Plaintiff repeats and re-alleges paragraphs 1-31 above as
    paragraphs 1-31 of count I as if fully set forth herein.

33. Defendants Officers Brown, Gorham and Johnson, are and at
    all times mentioned in this Complaint, were, employed by
    the PPD.

34. As stated in paragraphs 11 through 15, on or about May 8,
    2013, Defendants, Portland PD officers Brown, Gorham and
    Johnson unlawfully arrested Plaintiff without warrant or
    any other legal process and took Plaintiff into custody
    against the will of the Plaintiff, and without probable
    cause.

35. After arresting Plaintiff, Defendant Portland Police
    Officer Henry Johnson brought Plaintiff to Cumberland
    County Jail at: 50 County Way, Portland ME, where Plaintiff
    was restrained and detained on May 8, 2013, and was
    released on May 9, 2013, a period approximately of 24 hours
    during which while in CCJ custody as a result of the
    Defendant PPD officers false arrest, Plaintiff suffered an
    assault.

36. During the time that Plaintiff was detained, neither
    Defendant police officers Brown, Johnson, and Gorham, nor
    any other member of Defendant city's police department made
    any attempt to conduct an investigation so as to determine
    if in fact there was probable cause to arrest and detain
    Plaintiff, nor was Plaintiff taken to any judicial office
    or magistrate.

37. Plaintiff did not commit an offense and Defendant did not
    have any reasonable or probable cause for believing that
    Plaintiff committed any offense.

38. As a proximate and direct cause of the forgoing acts,
    Plaintiff was deprived of his liberty in wrongly detained
    at CCJ.

39.   Also as a proximate and direct cause of the forgoing acts,
      Plaintiff was subjected to an excessive use of force
      resulting in severe and painful injury after his false
      arrest, further resulting in ongoing physical anguish due
      to being unjustly incarcerated at Cumberland County Jail.

40.   Plaintiff seeks compensatory damages of the illegal
      deprivation of his liberty.  In addition, the acts of
      Defendant Police officers Brown, Johnson, Gorham were done
      maliciously, wantonly, and intentionally, and entitle the
      Plaintiff to exemplary or punitive damages.

                              COUNT II
                         ASSAULT & BATTERY
        Portland Police Officers Brown, Gorham and Johnson, unknown
          sheriff's deputy and unknown CCJ Correctional Officer's

41.   Plaintiff repeats and re-alleges paragraphs 1-40 above as
      paragraphs 1-40 of count II as if fully set forth herein.

42.   Defendants PPD officers Brown, Gorham and Johnson along
      with Defendants unknown sheriff's deputy and unknown CCJ
      Correctional Officer's actions as stated in paragraphs 9
      through 31 resulted in an excessive use of force on
      Plaintiff which constituted an Assault & Battery from which
      he suffered grievous and long lasting physical injuries, as
      stated previously.

43.   Plaintiff seeks damages for physical suffering caused by
      the Defendants' acts, for Plaintiff's legal and medical
      expenses and costs, for any expenses incurred by Plaintiff,
      for any continuing and ongoing expenses of any kind and
      nature, for any lost wages and for any future pain and
      suffering which may result to Plaintiff.

                             COUNT III
                        5 M.R.S.A. § 4682
            Portland Police Officers Brown, Gorham and Johnson

44.   Plaintiff repeats and re-alleges paragraphs 1-43 above as
      paragraphs 1-43 of Count IV as if fully set forth herein.

45.   Defendant Police Officers, at all times relevant to this
      matter acted under color of the laws of the State of Maine.

46.  Defendant PPD Officers actions as stated in paragraphs 9 through 31 constituted a false arrest and a subsequent excessive use of force in violation of clearly established rights guaranteed to Plaintiff by Article 1, Section 5 of the Maine Constitution and by the Fourth Amendment to the United States Constitution.

47.  As a direct result of Defendant Police Officer's false arrest in violation of Plaintiff Constitutional rights, as aforesaid, Plaintiff has suffered grievous and long lasting physical injuries.

48.  Plaintiff seeks damages for physical suffering caused by the Defendants' acts, for Plaintiff's legal and medical expenses and costs, for any expenses incurred by Plaintiff, for any continuing and ongoing expenses of any kind and nature, for any lost wages and for any future pain and suffering which may result to Plaintiff.

COUNT IV
5 M.R.S.A. § 4682
Portland Police Chief Michael Sauschuck

49.  Plaintiff repeats and re-alleges paragraphs 1-48 above as paragraphs 1-48 of Count IV as if fully set forth herein.

50.  Defendant Chief Michael Sauschuck, at all times relevant to this matter acted under color of the laws of the State of Maine.

51.  Defendant Chief Michael Sauschuck is the employer of Defendant PPD Officers and sets the policies and procedures for the training of PPD Officers.

52.  Defendant PPD Officers' were inadequately trained, supervised and /or disciplined in making probable cause arrests with respect to an individual's state law right of open carry.

53.  Defendant PPD Officer's inadequate training, supervision and /or discipline in making arrests supported by probable cause with respect to an individual's state law right of open carry, constituted a false arrest and subsequent excessive use of force directly resulted in the violation of clearly established rights guaranteed to Plaintiff by

Article 1, Section 5 of the Maine Constitution and by the Fourth Amendment to the United States Constitution.

54. As a direct result of the violation of Plaintiff's Constitutional rights, as aforesaid, Plaintiff has suffered grievous and long lasting physical injuries as stated previously.

55. Plaintiff seeks damages for physical suffering caused by the Defendant's acts, for Plaintiff's legal and medical expenses and costs, for any expenses incurred by Plaintiff, for any continuing and ongoing expenses of any kind and nature, for any lost wages and for any future pain and suffering which may result to Plaintiff.

COUNT V
5 M.R.S.A. § 4682
Portland Police Department

56. Plaintiff repeats and re-alleges paragraphs 1-55 above as paragraphs 1-55 of Count V as if fully set forth herein.

57. Defendant Chief Michael Sauschuck, is the final policy maker for PPD in the substantive area of making arrests supported by probable cause with respect to an individual's state law right of open carry.

58. Defendant PPD Officers Brown, Gorham and Johnson actions pursuant to the policies, customs and/or procedures of PPD, i.e., the arrest of individual's openly carrying, directly resulted in the violation of clearly established rights guaranteed to Plaintiff by Article 1, Section 5 of the Maine Constitution and by the Fourth Amendment to the United States Constitution.

59. As a direct result of the violation of Plaintiff's Constitutional rights, as aforesaid, Plaintiff has suffered grievous and long lasting physical injuries as stated previously.

60. Plaintiff seeks damages for physical suffering caused by the Defendant's acts, for Plaintiff's legal and medical expenses and costs, for any expenses incurred by Plaintiff, for any continuing and ongoing expenses of any kind and nature, for any lost wages and for any future pain and suffering which may result to Plaintiff.

COUNT VI

5 M.R.S.A. § 4682

Unknown Cumberland County Sheriff's Deputy and three Unknown
Cumberland County Jail Corrections Officers

61.  Plaintiff repeats and re-alleges paragraphs 1-60 above as
     paragraphs 1-60 of Count VI as if fully set forth herein.

62.  Defendant Unknown Sheriff's Deputy and Unknown CCJ
     Correctional Officers, at all times relevant to this matter
     acted under color of the laws of the State of Maine.

63.  Defendant Unknown Sheriff's Deputy and Unknown CCJ
     Correctional Officers actions as stated in paragraphs 15
     through 23 was an excessive use of force in violation of
     clearly established rights guaranteed to Plaintiff by
     Article 1, Section 5 of the Maine Constitution and by the
     Fourth Amendment to the United States Constitution.

64.  As a direct result of Defendant Unknown Sheriff's Deputy
     and Unknown CCJ Correctional Officers excessive use of
     force in violation of Plaintiff Constitutional rights, as
     aforesaid, Plaintiff has suffered grievous and long lasting
     physical injuries, as stated previously.

65.  Plaintiff seeks damages for physical suffering caused by
     the Defendants' acts, for Plaintiff's legal and medical
     expenses and costs, for any expenses incurred by Plaintiff,
     for any continuing and ongoing expenses of any kind and
     nature, for any lost wages and for any future pain and
     suffering which may result to Plaintiff.

COUNT VII

5 M.R.S.A. § 4682

Cumberland County Sheriff Kevin Joyce

66.  Plaintiff repeats and re-alleges paragraphs 1-65 above as
     paragraphs 1-65 of Count VII as if fully set forth herein.

67.  Defendant Sheriff Joyce is the employer of Defendant
     Unknown Sheriff's Deputy and Unknown CCJ Correctional
     Officers and sets the policies and procedures for the
     training of Cumberland County sheriff's deputies and
     correctional officers.

68.  Defendant Unknown Sheriff's Deputy and Unknown CCJ
     Correctional Officers were inadequately trained, supervised
     and /or disciplined in the use of force when handling
     inmates at Cumberland County Jail.

69.  Defendant Unknown Sheriff's Deputy and Unknown CCJ
     Correctional Officers inadequate training, supervision and
     /or discipline in the use of force when handling inmates
     directly resulted in the violation of clearly established
     rights guaranteed to Plaintiff by Article 1, Section 5 of
     the Maine Constitution and by the Fourth Amendment to the
     United States Constitution.

70.  As a direct result of the violation of Plaintiff's
     Constitutional rights, as aforesaid, Plaintiff has suffered
     grievous and long lasting physical injuries, as stated
     previously.

71.  Plaintiff seeks damages for physical suffering caused by
     the Defendant's acts, for Plaintiff's legal and medical
     expenses and costs, for any expenses incurred by Plaintiff,
     for any continuing and ongoing expenses of any kind and
     nature, for any lost wages and for any future pain and
     suffering which may result to Plaintiff.

                          COUNT VIII
                    5 M.R.S.A. § 4682
                   County of Cumberland

72.  Plaintiff repeats and re-alleges paragraphs 1-71 above as
     paragraphs 1-71 of Count VIII as if fully set forth herein.

73.  Sheriff Joyce is the final policy maker for Cumberland
     County in the substantive area of its correctional policies
     and procedures, including the use of force on inmates.

74.  Defendant Correctional Officers actions pursuant to the
     policies, customs and/or procedures of Cumberland County,
     i.e., the use of force on inmates, directly resulted in the
     violation of clearly established rights guaranteed to
     Plaintiff by Article 1, Section 5 of the Maine Constitution
     and by the Fourth Amendment to the United States
     Constitution.

75.  As a direct result of the violation of Plaintiff's
     Constitutional rights, as aforesaid, Plaintiff has suffered

grievous and long lasting physical injuries, as stated
previously.

76.  Plaintiff seeks damages for physical suffering caused by
the Defendant's acts, for Plaintiff Trotsky's legal and
medical expenses and costs, for any expenses incurred by
Plaintiff, for any continuing and ongoing expenses of any
kind and nature, for any lost wages and for any future pain
and suffering which may result to Plaintiff.

COUNT IX
42 U.S.C. § 1983
Portland Police Chief Michael Sauschuck

77.  Plaintiff repeats and re-alleges paragraphs 1-76 above as
paragraphs 1-76 of Count IX as if fully set forth herein.

78.  Defendant Portland Police Chief Michael Sauschuck is the
employer of Defendant Portland Police Officers and sets the
policies and procedures for the training of Portland Police
Officers.

79.  Defendant PPD Officers' were inadequately trained,
supervised and /or disciplined in making probable cause
arrests with respect to an individual's state law right of
open carry.

80.  Defendant PPD Officer's inadequate training, supervision
and /or discipline in making arrests supported by probable
cause with respect to an individual's state constitutional
right of open carry, constituted a false arrest and
subsequent excessive use of force directly resulted in the
violation of clearly established rights guaranteed to
Plaintiff by Article 1, Section 5 of the Maine Constitution
and by the Fourth Amendment to the United States
Constitution.

81.  As a direct result of the violation of Plaintiff's
Constitutional rights, as aforesaid, Plaintiff has suffered
grievous and long lasting physical injuries as stated
previously.

82.  Plaintiff seeks damages for physical suffering caused by
the Defendant's acts, for Plaintiff's legal and medical
expenses and costs, for any expenses incurred by Plaintiff,
for any continuing and ongoing expenses of any kind and

nature, for any lost wages and for any future pain and
suffering which may result to Plaintiff.

COUNT X
42 U.S.C. § 1983
Portland Police Department

83. Plaintiff repeats and re-alleges paragraphs 1-82 above as
paragraphs 1-82 of Count X as if fully set forth herein.

84. Defendant Chief Michael Sauschuck, is the final policy
maker for PPD in the substantive area of making arrests
supported by probable cause with respect to an individual's
state law right of open carry.

85. Defendant PPD Officers Brown, Gorham and Johnson actions
pursuant to the policies, customs and/or procedures of PPD,
i.e., the arrest of individual's openly carrying, directly
resulted in the violation of clearly established rights
guaranteed to Plaintiff by Article 1, Section 5 of the
Maine Constitution and by the Fourth Amendment to the
United States Constitution.

86. As a direct result of the violation of Plaintiff's
Constitutional rights, as aforesaid, Plaintiff has suffered
grievous and long lasting physical injuries as stated
previously.

87. Plaintiff seeks damages physical suffering caused by the
Defendant's acts, for Plaintiff's legal and medical
expenses and costs, for any expenses incurred by Plaintiff,
for any continuing and ongoing expenses of any kind and
nature, for any lost wages and for any future pain and
suffering which may result to Plaintiff.

COUNT XI
42 U.S.C. § 1983
Portland Police Officers Brown, Gorham and Johnson

88. Plaintiff repeats and re-alleges paragraphs 1-87 above as
paragraphs 1-87 of Count XI as if fully set forth herein.

89. Defendant Police Officers, at all times relevant to this
matter acted under color of the laws of the State of Maine.

90.   Defendant PPD Officers actions as stated in paragraphs 9
      through 31 constituted a false arrest and a subsequent
      excessive use of force in violation of clearly established
      rights guaranteed to Plaintiff by Article 1, Section 5 of
      the Maine Constitution and by the Fourth Amendment to the
      United States Constitution.

91.   As a direct result of Defendant Police Officer's false
      arrest in violation of Plaintiff Constitutional rights, as
      aforesaid, Plaintiff has suffered grievous and long lasting
      physical injuries as stated previously.

92.   Plaintiff seeks damages for physical suffering caused by
      the Defendants' acts, for Plaintiff's legal and medical
      expenses and costs, for any expenses incurred by Plaintiff,
      for any continuing and ongoing expenses of any kind and
      nature, for any lost wages and for any future pain and
      suffering which may result to Plaintiff.

                          COUNT XII
                     42 U.S.C. § 1983
      Unknown Cumberland County Sheriff's Deputy and three Unknown
              Cumberland County Jail Corrections Officers

93.   Plaintiff repeats and re-alleges paragraphs 1-92 above as
      paragraphs 1-92 of Count XII as if fully set forth herein.

94.   Defendant Unknown Sheriff's Deputy and Unknown CCJ
      Correctional Officers, at all times relevant to this matter
      acted under color of the laws of the State of Maine.

95.   Defendant Unknown Sheriff's Deputy and Unknown CCJ
      Correctional Officers actions as stated in paragraphs 15
      through 23 was an excessive use of force in violation of
      clearly established rights guaranteed to Plaintiff by
      Article 1, Section 5 of the Maine Constitution and by the
      Fourth Amendment to the United States Constitution.

96.   As a direct result of Defendant Unknown Sheriff's Deputy
      and Unknown CCJ Correctional Officers excessive use of
      force in violation of Plaintiff Constitutional rights, as
      aforesaid, Plaintiff has suffered grievous and long lasting
      physical injuries, as stated previously.

97.   Plaintiff seeks damages for physical suffering caused by
      the Defendants' acts, for Plaintiff's legal and medical

expenses and costs, for any expenses incurred by Plaintiff, for any continuing and ongoing expenses of any kind and nature, for any lost wages and for any future pain and suffering which may result to Plaintiff.

COUNT XIII
42 U.S.C. § 1983
Sheriff Kevin Joyce

98.   Plaintiff repeats and re-alleges paragraphs 1-98 above as paragraphs 1-98 of Count XII as if fully set forth herein.

99.   Defendant Sheriff Joyce is the employer of Defendant Unknown Sheriff's Deputy and Unknown CCJ Correctional Officers and sets the policies and procedures for the training of Cumberland County sheriff's deputies and correctional officers.

100.   Defendant Unknown Sheriff's Deputy and Unknown CCJ Correctional Officers were inadequately trained, supervised and /or disciplined in the use of force when handling inmates at Cumberland County Jail.

101.   Defendant Unknown Sheriff's Deputy and Unknown CCJ Correctional Officers inadequate training, supervision and /or discipline in the use of force when handling inmates directly resulted in the violation of clearly established rights guaranteed to Plaintiff by Article 1, Section 5 of the Maine Constitution and by the Fourth Amendment to the United States Constitution.

102.   As a direct result of the violation of Plaintiff's Constitutional rights, as aforesaid, Plaintiff has suffered grievous and long lasting physical injuries, as stated previously.

103.   Plaintiff seeks damages for physical suffering caused by the Defendant's acts, for Plaintiff's legal and medical expenses and costs, for any expenses incurred by Plaintiff, for any continuing and ongoing expenses of any kind and nature, for any lost wages and for any future pain and suffering which may result to Plaintiff.

COUNT XIV
42 U.S.C. § 1983
County of Cumberland

104. Plaintiff repeats and re-alleges paragraphs 1-103 above as paragraphs 1-103 of Count XIV as if fully set forth herein.

105. Sheriff Joyce is the final policy maker for Cumberland County in the substantive area of its Sheriff Deputies and correctional policies and procedures, including the use of force on inmates.

106. Defendant Unknown Sheriff's Deputy and Unknown CCJ Correctional Officer's actions pursuant to the policies, customs and/or procedures of Cumberland County, i.e., the use of force on inmates, directly resulted in the violation of clearly established rights guaranteed to Plaintiff by the Fourth Amendment to the United States Constitution.

107. As a direct result of the violation of Plaintiff's Constitutional rights, as aforesaid, Plaintiff has suffered grievous and long lasting physical injuries, as stated previously.

108. Plaintiff seeks damages for physical suffering caused by the Defendant's acts, for Plaintiff's legal and medical expenses and costs, for any expenses incurred by Plaintiff, for any continuing and ongoing expenses of any kind and nature, for any lost wages and for any future pain and suffering which may result to Plaintiff.

Count XV
Punitive Damages

109. Plaintiff repeats and re-alleges paragraphs 1-109 above as paragraphs 1-109 of Count XV as if fully set forth herein.

110. Defendants Portland Police Department, Portland Police Chief Sauschuck, Portland PD officers Johnson, Gorham, and Brown, Cumberland County, Cumberland County Sheriff Joyce, unknown Sheriff's Deputy and unknown Correctional Officers acted with malicious, reckless or callous disregard for Plaintiff's rights at all times during this matter.

111. As a direct result of the violation of Plaintiff's rights, as aforesaid, Plaintiff has suffered grievous and long lasting physical injuries, as stated previously

112. Plaintiff is entitled to punitive damages on all counts.

DEMAND FOR JURY TRIAL

113. Plaintiff Demands a Jury Trial an all counts of his
complaint.

WHEREFORE, Plaintiff demands a Trial by Jury and requests relief
against the Defendants as follows:

1.    That a judgment be entered in favor of Plaintiff against
Portland Police Sergeant Gorham, Portland Police officers
Brown and Johnson for the relief sought in Count I.

2.    That a judgment be entered in favor of Plaintiff and
against Portland Police Officers Brown, Gorham and Johnson,
unknown sheriff's deputy and unknown CCJ Correctional
Officer's for the relief sought in Counts II.

3.    That a judgment be entered in favor of Plaintiff and
against Portland Police Sergeant Gorham, Portland Police
officers Brown and Johnson for the relief sought in count
III.

4.    That a judgment be entered in favor of Plaintiff and
against Portland Police Chief Michael Sauschuck for the
relief sought in Count IV.

5.    That a judgment be entered in favor of Plaintiff and
against Portland Police Department for the relief sought in
Count V.

6.    That a judgment be entered in favor of Plaintiff and
against unknown Sheriff's Deputy and the unknown CCJ
Correctional Officers for the relief sought in Count VI.

7.    That a judgment be entered in favor of Plaintiff and
against Cumberland County Sheriff Joyce for the relief
sought in Count VII.

8.    That a judgment be entered in favor of Plaintiff and
against Cumberland County the relief sought in Count VIII.

9.    That a judgment be entered in favor of Plaintiff and
against Portland Police Chief Michael Sauschuck for the
relief sought in Count IX.

10. That a judgment be entered in favor of Plaintiff against Portland Police Department for the relief sought in Count X.

11. That a judgment be entered in favor of Plaintiff and against Portland Police Sergeant Gorham, Portland Police officers Brown and Johnson for the relief sought in count XI.

12. That a judgment be entered in favor of Plaintiff and against unknown Sheriff's Deputy and the unknown CCJ Correctional Officers for the relief sought in Count XII.

13. That a judgment be entered in favor of Plaintiff and against Cumberland County Sheriff Joyce for the relief sought in Count XIII.

14. That a judgment be entered in favor of Plaintiff and against Cumberland County for the relief sought in Count XIV.

15. That a judgment be entered in favor of Plaintiff and against all Defendants for the relief sought in Count XV

16. For an award of attorney fees for the relief sought in the all counts of the complaint.

17. For an award of prejudgment interest for the earliest possible date.

18. Any such other and further relief as the Court considers just and proper.

Dated at Biddeford, Maine this 5th day of May, 2015.


 /S/ Chris A. Nielsen, Esq.
Chris A. Nielsen, Esq.
THE NIELSEN GROUP
Attorney for the Plaintiff, Dale Maddocks

P.O. Box 351
Biddeford, ME 04005
(207) 571-8555