UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| DALE MADDOCKS<br><br>Plaintiff<br><br>v.<br><br>PORTLAND POLICE DEPARTMENT,<br>CHIEF MICHAEL SAUSCHUCK,<br>OFFICER JESSICA BROWN,<br>SERGEANT FRANK HEATH GORHAM,<br>OFFICER HENRY JOHNSON,<br>COUNTY OF CUMBERLAND,<br>CUMBERLAND COUNTY SHERIFF KEVIN JOYCE,<br>UNKNOWN CUMBERLAND COUNTY SHERIFF'S DEPUTY,<br>and<br>UNKNOWN CUMBERLAND COUNTY JAIL CORRECTIONAL OFFICERS<br><br>Defendants | Civil Action Docket No. 2:15-cv-00168-JAW |

**ANSWER AND JURY DEMAND OF PORTLAND POLICE DEPARTMENT,
CHIEF MICHAEL SAUSCHUCK, OFFICER JESSICA BROWN, SERGEANT FRANK HEATH GORHAM
AND OFFICER HENRY JOHNSON**

NOW COMES Defendants Portland Police Department, Chief Michael Sauschuck, Officer Jessica Brown, Sergeant Frank Heath Gorham and Officer Henry Johnson (hereinafter "Portland Defendants") and answers Plaintiff's Complaint as follows:

**THE PARTIES**

1. Portland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and, therefore, deny the same.

2. Portland Defendants admit the allegations contained in paragraph 2of the Complaint.

3. Portland Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. Portland Defendants admit the allegations contained in paragraph 4 of the Complaint.

5. Portland Defendants admit the allegations contained in paragraph 5 of the Complaint.

6. The allegations in Paragraph 6 are not against the Portland Defendants, and therefore no response is required.

7. The allegations in Paragraph 7 are not against the Portland Defendants, and therefore no response is required.

8. The allegations in Paragraph 8 are not against the Portland Defendants and therefore no response is required.

**FACTS**

9. Portland Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. Portland Defendants admit the allegations contained in paragraph 10 of the Complaint.

11. Portland Defendants admit that Sergeant Gorham saw a handgun only when Plaintiff's jacket moved up as Plaintiff moved, revealing the gun concealed under his jacket.

12. Portland Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. Portland Defendants deny that they said the handgun was only partially concealed and admit that Plaintiff claimed to be opening carrying his gun.

14. Portland Defendants admit that Plaintiff was arrested for carrying a concealed weapon without a permit to do so; Portland Defendants admit that Plaintiff claimed to be openly carrying a handgun.

15. Portland Defendants admit the Plaintiff was booked at the County Jail and are without knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 15 of the Complaint and therefore deny the same.

16. Portland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, therefore, deny the same.

17. Portland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, deny the same.

18. The allegations contained in paragraph 18 of the Complaint are not against Portland Defendants and, therefore, no response is required.

19. The allegations contained in paragraph 19 of the Complaint are not against Portland Defendants and, therefore, no response is required.

20. The allegations contained in paragraph 20 of the Complaint are not against Portland Defendants and, therefore, no response is required.

21. The allegations contained in paragraph 20 of the Complaint are not against Portland Defendants and, therefore, no response is required.

22. The allegations contained in paragraph 20 of the Complaint are not against Portland Defendants and, therefore, no response is required.

23. The allegations contained in paragraph 20 of the Complaint are not against Portland Defendants and, therefore, no response is required.

24. Portland Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and, therefore, deny the same.

25. Portland Defendants admit the allegations contained in paragraph 25 of the Complaint.

26. Portland Defendants admit the allegations contained in paragraph 26 of the Complaint.

27. Portland Defendants admit the allegations contained in paragraph 27 of the Complaint.

28. Portland Defendants admit the allegations contained in paragraph 28 of the Complaint.

29. Portland Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. The allegations contained in paragraph 30 of the Complaint are not against Portland Defendants and, therefore, no response is required.

31. Portland Defendants deny the allegations contained in paragraph 31 of the Complaint.

## COUNT I
## FALSE IMPRISONMENT
### Portland Police Officers Brown, Gorham and Johnson

32. Portland Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 31 above as if fully set forth herein.

33. Portland Defendants admit the allegations contained in paragraph 33 of the Complaint.

34. Portland Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Portland Defendants admit that Officer Johnson took Plaintiff to the Cumberland County Jail but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35 of the Complaint and, therefore, deny the same.

36. Portland Defendants deny that Defendants failed to determine if there was probable cause to arrest and detain Plaintiff and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 of the Compliant and, therefore, deny the same.

37. Portland Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Portland Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Portland Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Portland Defendants deny the allegations contained in paragraph 40 of the Complaint.

## COUNT II
## ASSAULT & BATTERY
**Portland Police Officers Brown, Gorham and Johnson, Unknown Sheriff's Deputy and Unknown CCJ Correctional Officers**

41. Portland Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 40 above as if fully set forth herein.

42. Portland Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. The allegations contained in paragraph 43 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Portland Defendants deny the allegations contained in paragraph 43 of the Complaint.

## COUNT III
## 5 M.R.S.A. § 4682
**Portland Police Officers Brown, Gorham and Johnson**

44. Portland Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 43 above as if fully set forth herein.

45. Portland Defendants admit the allegations contained in paragraph 45 of the Complaint.

46. Portland Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Portland Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. The allegations contained in paragraph 48 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Portland Defendants deny the allegations contained in paragraph 48 of the Complaint.

## COUNT IV
## 5 M.R.S.A. § 4682
## Portland Police Chief Michael Sauschuck

49. Portland Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 48 above as if fully set forth herein.

50. Portland Defendants admit the allegations contained in paragraph 50 of the Complaint.

51. Portland Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. Portland Defendants deny the allegations contained in paragraph 52 of the Complaint.

53. Portland Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. Portland Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. The allegations contained in paragraph 55 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Portland Defendants deny the allegations contained in paragraph 55 of the Complaint.

## COUNT V
## 5 M.R.S.A. § 4682
**Portland Police Department**

56. Portland Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 55 above as if fully set forth herein.

57. The allegations contained in paragraph 57 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Portland Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Portland Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Portland Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. The allegations contained in paragraph 60 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Portland Defendants deny the allegations contained in paragraph 60 of the Complaint.

## COUNT VI
## 5 M.R.S.A. § 4682
**Unknown Cumberland County Sheriff's Deputy and three Unknown Cumberland County Jail Corrections Officers**

61. Portland Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 60 above as if fully set forth herein.

62. The allegations contained in paragraph 62 of the Complaint are not against Portland Defendants and, therefore, no response is required.

63. The allegations contained in paragraph 63 of the Complaint are not against Portland Defendants and, therefore, no response is required.

64. The allegations contained in paragraph 64 of the Complaint are not against Portland Defendants and, therefore, no response is required.

65. The allegations contained in paragraph 65 of the Complaint are not against Portland Defendants and, therefore, no response is required.

## COUNT VII
## 5 M.R.S.A. § 4682
## Cumberland County Sheriff Kevin Joyce

66. Portland Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 65 above as if fully set forth herein.

67. The allegations contained in paragraph 67 of the Complaint are not against Portland Defendants and, therefore, no response is required.

68. The allegations contained in paragraph 68 of the Complaint are not against Portland Defendants and, therefore, no response is required.

69. The allegations contained in paragraph 69 of the Complaint are not against Portland Defendants and, therefore, no response is required.

70. The allegations contained in paragraph 70 of the Complaint are not against Portland Defendants and, therefore, no response is required.

71. The allegations contained in paragraph 71 of the Complaint are not against Portland Defendants and, therefore, no response is required.

## COUNT VIII
## 5 M.R.S.A. § 4682
## County of Cumberland

72. Portland Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 71 above as if fully set forth herein.

73. The allegations contained in paragraph 73 of the Complaint are not against Portland Defendants and, therefore, no response is required.

74. The allegations contained in paragraph 74 of the Complaint are not against Portland Defendants and, therefore, no response is required.

75. The allegations contained in paragraph 75 of the Complaint are not against Portland Defendants and, therefore, no response is required.

76. The allegations contained in paragraph 76 of the Complaint are not against Portland Defendants and, therefore, no response is required.

**COUNT IX**
**42 U.S.C. § 1983**
**Portland Police Chief Michael Sauschuck**

77. Portland Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 76 above as if fully set forth herein.

78. Portland Defendants deny the allegations contained in paragraph 78 of the Complaint.

79. Portland Defendants deny the allegations contained in paragraph 79 of the Complaint.

80. Portland Defendants deny the allegations contained in paragraph 80 of the Complaint.

81. Portland Defendants deny the allegations contained in paragraph 81 of the Complaint.

82. The allegations contained in paragraph 82 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Portland Defendants deny the allegations contained in paragraph 82 of the Complaint.

## COUNT X
## 42 U.S.C. § 1983
## Portland Police Department

83. Portland Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 82 above as if fully set forth herein.

84. The allegations contained in paragraph 84 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Portland Defendants deny the allegations contained in paragraph 84 of the Complaint.

85. Portland Defendants deny the allegations contained in paragraph 85 of the Complaint.

86. Portland Defendants deny the allegations contained in paragraph 86 of the Complaint.

87. The allegations contained in paragraph 87 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Portland Defendants deny the allegations contained in paragraph 87 of the Complaint.

## COUNT XI
## 42 U.S.C. § 1983
## Portland Police Police Officers Brown, Gorham and Johnson

88. Portland Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 87 above as if fully set forth herein.

89. Portland Defendants admit the allegations contained in paragraph 89 of the Complaint.

90. Portland Defendants deny the allegations contained in paragraph 90 of the Complaint.

91. Portland Defendants deny the allegations contained in paragraph 91 of the Complaint.

92. The allegations contained in paragraph 92 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Portland Defendants deny the allegations contained in paragraph 92 of the Complaint.

**COUNT XII**
**42 U.S.C. § 1983**
**Unknown Cumberland County Sheriff's Deputy and three Unknown Cumberland County Jail Corrections Officers**

93. Portland Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 92 above as if fully set forth herein.

94. The allegations contained in paragraph 94 of the Complaint are not against Portland Defendants and, therefore, no response is required.

95. The allegations contained in paragraph 95 of the Complaint are not against Portland Defendants and, therefore, no response is required.

96. The allegations contained in paragraph 96 of the Complaint are not against Portland Defendants and, therefore, no response is required.

97. The allegations contained in paragraph 97 of the Complaint are not against Portland Defendants and, therefore, no response is required.

## COUNT XIII
## 42 U.S.C. § 1983
## Sheriff Kevin Joyce

98.     Portland Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 97 above as if fully set forth herein.

99.     The allegations contained in paragraph 99 of the Complaint are not against Portland Defendants and, therefore, no response is required.

100.    The allegations contained in paragraph 100 of the Complaint are not against Portland Defendants and, therefore, no response is required.

101.    The allegations contained in paragraph 101 of the Complaint are not against Portland Defendants and, therefore, no response is required.

102.    The allegations contained in paragraph 102 of the Complaint are not against Portland Defendants and, therefore, no response is required.

103.    The allegations contained in paragraph 103 of the Complaint are not against Portland Defendants and, therefore, no response is required.

## COUNT XIV
## 42 U.S.C. § 1983
## County of Cumberland

104.    Portland Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 103 above as if fully set forth herein.

105.    The allegations contained in paragraph 105 of the Complaint are not against Portland Defendants and, therefore, no response is required.

106.    The allegations contained in paragraph 106 of the Complaint are not against Portland Defendants and, therefore, no response is required.

107. The allegations contained in paragraph 107 of the Complaint are not against Portland Defendants and, therefore, no response is required.

108. The allegations contained in paragraph 108 of the Complaint are not against Portland Defendants and, therefore, no response is required.

**COUNT XV**
**Punitive Damages**

109. Portland Defendants repeat and reallege their answers to the allegations contained in Paragraphs 1 through 108 above as if fully set forth herein.

110. Portland Defendants deny the allegations contained in paragraph 110 of the Complaint.

111. Portland Defendants deny the allegations contained in paragraph 110 of the Complaint.

112. Portland Defendants deny the allegations contained in paragraph 110 of the Complaint.

WHEREFORE, Portland Defendants demand judgment in their favor, plus their costs of suit.

**AFFIRMATIVE DEFENSES**

1. Defendants affirmatively defend by stating that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Defendants affirmatively defend by stating that Plaintiff's Complaint is barred by the statute of limitations.

3. Defendants affirmatively defend by stating that their conduct was privileged.

4. Defendants affirmatively defend by stating that Plaintiff has failed to mitigate his own damages.

5. Defendants affirmatively defend by stating that Plaintiff's Complaint is barred for failure to comply with the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

6. Defendants affirmatively defend by stating that Plaintiff's Complaint is barred by the immunity provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

7. Defendants affirmatively defend by stating that Plaintiff's Complaint is barred by the doctrine of absolute immunity and/or qualified immunity.

8. If any of Defendants' acts are found to have been unlawful and/or unconstitutional, Defendants had no knowledge of such illegality or unconstitutionality at the time of the alleged conduct and at all times were acting in good faith.

10. Any action taken by these Defendants was based upon probable cause.

11. Defendant municipality has no liability for damages because the conduct of its employees did not violate clearly established law, therefore any alleged failure to hire, train, manage, discipline, or supervise could not have been a proximate cause of Plaintiff's damages.

12. Defendants' conduct did not rise to the level of a constitutional violation, but, at most, amounts to a common law tort.

13. No clearly established rights of Plaintiff were violated by Defendants' actions.

14. The decision to arrest Plaintiff and any force used by these Defendants in taking Plaintiff into custody were objectively reasonable in light of the facts and circumstances surrounding the incident.

15. The amount of force used, if any, by these Defendants was only that amount which these Defendants also subjectively believed was reasonable and necessary under the circumstances.

16. Plaintiff's claim is barred by the doctrine of estoppel and/or preclusion.

17. Defendants affirmatively defend by stating that Plaintiff's injuries, if any, were not caused by any municipal policy or custom, or by any conduct of the individual Portland Defendants.

18. Defendants affirmatively defend by stating that no supervisory or bystander liability claim can lie in the absence of a clear violation of Plaintiff's rights by an officer that is observed by a supervisory or other officer at the scene who had a reasonable opportunity to intervene and stop such violation but failed to do so.

19. Defendants affirmatively defend by stating that the Portland Police Department is not an entity with the legal capacity to sue or be sued, as it is merely one department of the municipality.

**JURY DEMAND**

The Portland Defendants hereby demand a trial by jury pursuant to F.R.Civ.P. 38(b).

Dated at Portland, Maine this 27th day of July, 2015.

/s/ Edward R. Benjamin, Jr.
Edward R. Benjamin, Jr.

/s/ Kaisa S. Park
Kaisa S. Park

Attorneys for Portland Defendants

DRUMMOND WOODSUM
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
ebenjamin@dwmlaw.com
kpark@dwmlaw.com

CERTIFICATE OF SERVICE

I, Edward R. Benjamin, Jr., attorney for Portland Defendants, hereby certify that on July 27, 2015, I electronically filed Portland Defendants' Answer to Complaint and Demand for Jury Trial with the Clerk of Court using the CM/ECF system ECF system which will send notification of such filings(s) to the following: Chris A. Nielsen, Esq., Peter Marchesi, Esq., and Cassandra S. Shaffer, Esq.

        */s/ Edward R. Benjamin, Jr.*
        Edward R. Benjamin, Jr.
        Attorney for Portland Defendants

DRUMMOND WOODSUM
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
ebenjamin@dwmlaw.com