## UNITED STATES DISTRICT COURT
### District of Maine

|  |  |
|---|---|
| DALE MADDOCKS, <br>                 Plaintiff <br><br> v. <br><br> PORTLAND POLICE DEPARTMENT, <br> PORTLAND POLICE DEPARTMENT <br> CHIEF MICHAEL SAUSCHUCK, <br> PORTLAND POLICE DEPARTMENT <br> OFFICER JESSICA BROWN, PORTLAND <br> POLICE DEPARTMENT SERGEANT <br> FRANK HEATH GORHAM, PORTLAND <br> POLICE DEPARTMENT OFFICER HENRY <br> JOHNSON, COUNTY OF CUMBERLAND, <br> CUMBERLAND COUNTY SHERIFF <br> KEVIN JOYCE, ET AL, <br>                 Defendants | Docket No.  2:15-cv-00168-JAW |

### CUMBERLAND COUNTY AND SHERIFF JOYCE'S MOTION FOR SUMMARY JUDGMENT WITH INCORPORATED MEMORANDUM OF LAW

NOW COME Defendants Cumberland County and Sheriff Joyce, through counsel, and hereby move the court, pursuant to Fed.R.Civ.P. 56(b), for summary judgment in their favor on all claims in the Amended Complaint. Filed in connection with this motion is the County Defendants' Statement of Material Facts pursuant to Local Rule 56(d).

### MEMORANDUM OF LAW

### INTRODUCTION

Plaintiff's Complaint is comprised of fifteen counts, four of which are against Defendants Cumberland County and Sheriff Joyce.[1] In Counts VII and XIII, the Plaintiff brings a supervisory

---

[1] There is also a fifth count against these Defendants, but this is simply a request for punitive damages in Count XV.

liability claim against Sheriff Joyce pursuant to the Maine Civil Rights Act[2] and 42 U.S.C. § 1983, respectively. In Counts VIII and XIV, the Plaintiff brings municipal liability claims against Cumberland County based on the Maine Civil Rights Act and 42 U.S.C. § 1983, respectively.

## FACTS

The Plaintiff alleges that he was incarcerated at the Cumberland County Jail for one night on May 8, 2013. *Amended Complaint*, ¶¶ 10, 16, 21. He alleges that after refusing to take his clothes off he was dragged to the drunk tank and assaulted by Defendants Moody and McCarty. *Amended Complaint*, ¶¶ 17-19. Additionally, the undisputed material facts of this case are set forth in the Cumberland County Defendants' Statement of Material Facts in Support of Motion for Summary Judgment (hereinafter "DSMF, ¶ ___"). The Defendants incorporate the DSMF into this memorandum of law.

## LEGAL ARGUMENT

I.   STANDARD OF REVIEW

Summary judgment should be granted when the record evidence demonstrates "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Fed.R.Civ.P. 56(c)*. The moving party bears the burden of demonstrating the lack of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The record is reviewed in the light most favorable to the non-moving party, and that party must be given the benefit of reasonable inferences drawn from properly asserted facts. *See Nicolo v. Philip Morris, Inc.*, 201 F.3d 29 (1st Cir. 2000). Summary judgment should be entered "against the party who fails

---

[2] The Maine Civil Rights Act is co-extensive with civil rights claims brought pursuant to 42 U.S.C. § 1983. *Estate of Bennett v. Wainwright*, 540 F.3d 155, 178 (1st Cir. 2008). Accordingly, there is no occasion for separate analysis of this claim.

to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

II.     Sheriff Joyce is Entitled to Summary Judgment on Plaintiff's Supervisory Liability Claims.

Plaintiff's Complaint alleges that Defendant Joyce is liable for failing to supervise his subordinates with regard violating his Fourth Amendment rights by using excessive force against him. *Plaintiff's Amended Complaint, ¶¶* 67-72, 99-104. Sheriff Joyce is entitled to summary judgment on this claim. "Supervisory liability may not be predicated upon a theory of *respondeat superior*. A supervisor may be found liable only on the basis of his own actions or omissions." *Fubus-Rodriguez v. Betancourt-Lebron*, 14 F.3d 87, 91-92 (1st Cir. 1994)(citations omitted). In order to prove supervisory liability, there must be evidence of deliberate indifference. *Camilo-Robles v. Hoyes*, 151 F.3d 1, 6-7 (1st Cir. 1998). The Plaintiff must also demonstrate that there was "a strong causal connection between the supervisor's conduct and the constitutional violation." *Ramirez-Lluveras v. Rivera-Merced*, 759 F.3d 10, 19 (1st Cir. 2014). "In addition, the supervisor must have notice of the unconstitutional condition said to lead to the claim." *Id.* at 20. "A plaintiff may prove causation by showing a known history of widespread abuse sufficient to alert a supervisor to on-going violations. However, proof of that sort must truly show widespread abuse; isolated instances of unconstitutional activity ordinarily are insufficient to show deliberate indifference." *Id.* (citations and quotations omitted).

In this case, Joyce was not at the scene of the incident involving Maddocks and did not participate or direct the incident. *DSMF ¶ 9.* There is no evidence Sheriff Joyce was aware of a risk of harm or that anything would have given him reason to believe there was a risk of harm to Maddocks. There is no evidence of widespread abuse sufficient to alert Joyce to ongoing violations.

Any time allegations concerning the use of excessive force are brought to Joyce's attention, an internal affairs investigation is conducted and if the allegations are substantiated, the officers involved are disciplined. *DSMF ¶ 10.* No internal affairs investigations have substantiated the excessive use of force by either Erik Moody or Derek McCarty. *DSMF ¶ 11.* Appropriate policies were already in place and Joyce was unaware of any need for different or additional training or polices. For these reasons, Defendant Joyce is entitled to summary judgment on the failure to supervise claim.

III. <u>Defendant Cumberland County is entitled to summary judgment on the municipal liability claim because there is insufficient evidence of a policy, custom or practice which would be the basis for liability under 42 U.S.C. § 1983</u>.

Plaintiff's Complaint alleges that Defendant Cumberland County has unconstitutional policies which resulted in his injuries. *Plaintiff's Amended Complaint, ¶¶ 73-77, 105-109.* There is insufficient evidence of any unconstitutional policy, custom or practice at the jail to support municipal liability. It is well settled that a plaintiff who seeks to impose liability on a municipality under Section 1983 must prove that either official policies, or widespread and pervasive practices and customs, were responsible for the deprivation. *Connick v. Thompson*, 563 U.S. 51 (2011). A plaintiff may prove that an officially promulgated policy is unconstitutional and was the moving force behind the alleged deprivation, or that although not officially adopted, there were widespread and pervasive unconstitutional practices or customs that are attributable to the municipality and that were the moving force behind the alleged deprivation. *Monell v. Dep't of Soc.Servs. of New York*, 436 U.S. 658, 690-91 (1978). In order to be liable for an unconstitutional custom or practice that custom or practice must be "so well settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end

the practice." *Bordanaro v. McLeod*, 871 F.2d 1151, 1556 (1st Cir. 1989).

In this case, there is no evidence that there were any unconstitutional policies, customs or practices at the Cumberland County Jail regarding the use of force. There is no evidence of practices or customs that are so well settled or widespread that the policymaking officials can be said to have either actual or constructive knowledge of them and yet done nothing to end the practices. The Cumberland County Jail has a policy on the use of force, and officers are trained on this policy. *DSMF ¶¶ 2, 4, 7, 8.* Finally, there is not a sufficient pattern of prior violations that would have alerted the County to the need for additional training. For these reasons, Cumberland County is entitled to summary judgment on Plaintiff's Complaint.

## CONCLUSION

For all the foregoing reasons, Defendants Cumberland County and Sheriff Joyce ask the Court to enter summary judgment in their favor pursuant to Fed.R.Civ.P. 56 on all counts of Plaintiff's Amended Complaint.

Dated: October 14, 2016                                /s/ Peter T. Marchesi
                                                                                     Peter T. Marchesi, Esq.

                                                                                      /s/ Cassandra S. Shaffer
                                                                                     Cassandra S. Shaffer, Esq.

                                                                                     Wheeler & Arey, P.A.
                                                                                     Attorneys for Cumberland County
                                                                                         Defendants
                                                                                     27 Temple Street, P.O. Box 376
                                                                                     Waterville, ME 04903-0376

**UNITED STATES DISTRICT COURT**
**District of Maine**

| | |
|---|---|
| DALE MADDOCKS,<br>                Plaintiff<br><br>v.<br><br>PORTLAND POLICE DEPARTMENT,<br>PORTLAND POLICE DEPARTMENT<br>CHIEF MICHAEL SAUSCHUCK,<br>PORTLAND POLICE DEPARTMENT<br>OFFICER JESSICA BROWN, PORTLAND<br>POLICE DEPARTMENT SERGEANT<br>FRANK HEATH GORHAM, PORTLAND<br>POLICE DEPARTMENT OFFICER HENRY<br>JOHNSON, COUNTY OF CUMBERLAND,<br>CUMBERLAND COUNTY SHERIFF<br>KEVIN JOYCE, ET AL,<br>                Defendants | )<br>)  Docket No.  2:15-cv-00168-JAW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

I, Peter T. Marchesi, Esq., attorney for the Cumberland County Defendants, hereby certify that:

- Cumberland County and Sheriff Joyce's Motion for Summary Judgment

has been served this day on Plaintiff by filing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

      Edward Benjamin, Esq.     (*ebenjamin@dwmlaw.com*)

Copies of the above documents have been provided to the Plaintiff via United States Mail, postage prepaid, at the following address:

      Dale Maddocks
      12 Broadway Street
      Eastport, ME 04631

Dated: October 14, 2016              /s/ Peter T. Marchesi
                                                    Peter T. Marchesi, Esq.
                                                    Attorney for Cumberland County Defendants
                                                    Wheeler & Arey, P.A.
                                                    27 Temple Street, P.O. Box 376
                                                    Waterville, ME  04903-0376