UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| DALE MADDOCKS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:15-cv-00168-JAW |
| | ) | |
| PORTLAND POLICE DEPARTMENT, et al., | ) ) | |
| Defendants | ) | |

### RECOMMENDED DECISION ON MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS CUMBERLAND COUNTY AND JOYCE

In this action, Plaintiff Dale Maddocks alleges Defendants, including Defendants Cumberland County and Sheriff Kevin Joyce, violated his constitutional rights in connection with an arrest and detention in May, 2013.

The matter is before the Court on the motion for summary judgment of Defendant Cumberland County and Defendant Joyce. (Motion, ECF No. 57.) Through the motion, the County and Sheriff Joyce seek summary judgment on all of the claims (counts VII, VIII, XIII, and XIV of the amended complaint) asserted against them.

Following a review of the summary judgment record, I recommend the Court grant the motion.

### SUMMARY JUDGMENT RECORD

At summary judgment, the Court ordinarily considers only the facts included in the parties' statements of material facts, which statements must be supported by citations to evidence of record. Federal Rule of Civil Procedure 56(c) and District of Maine Local Rule 56(b) – (d) require the specific citation to record evidence. In addition, Local Rule 56 establishes the manner by which

parties must present their factual statements and the evidence on which the statements depend. A party seeking summary judgment thus must file a supporting statement of material facts setting forth each fact in a separately numbered paragraph, with each factual statement followed by a citation to evidence of record that supports the factual statement. D. Me. Loc. R. 56(b), (f).

A party seeking to oppose a properly filed and supported motion for summary judgment must file an opposing statement of material facts that admits, denies, or qualifies the factual statements made by the moving party. D. Me. Loc. R. 56(c). Unless a statement is admitted, the opposing party must provide a citation to evidence of record that supports the opposing statement. *Id.* If a party fails to do so, the moving party's factual statements "shall be deemed admitted." D. Me. Loc. R. 56(f). Moreover, pursuant to Local Rule 7(b), parties are expected to file an objection to a motion if they contest the motion, and unless they do so are "deemed to have waived objection."

A court, however, "may not automatically grant a motion for summary judgment simply because the opposing party failed to comply with a local rule requiring a response within a certain number of days." *NEPSK, Inc. v. Town of Houlton,* 283 F.3d 1, 7-8 (1st Cir. 2002). Instead, courts must assess whether the movant has shown "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

In this case, the summary judgment record consists of the Local Rule 56 record filed by Defendants Cumberland County and Joyce. Plaintiff's First Amended Complaint (Complaint, ECF No. 19) is unsworn and Plaintiff did not file an opposing statement of material facts or any record material.

## BACKGROUND FACTS

In his amended complaint, Plaintiff alleges that members of the Portland, Maine, police force falsely arrested him on May 8, 2013. (Complaint ¶¶ 10 –15.) Plaintiff further asserts that following his arrest, a certain deputy and "corrections officers Moody and McCarty," all employed by Cumberland County, used excessive force against him while he was detained at the Cumberland County Jail, left him overnight with inadequate clothing in an air conditioned room, taunted him periodically through the night, and ignored his complaints of severe pain as a result of their use of force. (*Id.* ¶¶ 16 – 23.)

Plaintiff also maintains the sheriff's deputy and corrections officers were inadequately trained and supervised. Plaintiff contends that because Defendant Joyce is responsible for establishing policies and procedures for the Cumberland County Jail, and for training jail staff, he can recover against Defendant Joyce for the violation of his rights under 42 U.S.C. § 1983 and the Maine Civil Rights Act, 5 M.R.S. § 4682. (*Id.*, Count VII, ¶¶ 67 – 72, Count XIII, ¶¶ 99 – 104.) Relatedly, Plaintiff asserts a claim against Defendant Cumberland County because Defendant Joyce has final policy-making authority for the County regarding the operation of the Cumberland County Jail. (*Id.*, Count VIII, ¶¶ 73 – 77, Count XIV, ¶¶ 105 – 109.)

The uncontroverted record evidence establishes the following:

1. Defendant Moody has been a corrections officer at the Cumberland County Jail since 2003. (Erik Moody Aff., ¶ 1, ECF No. 58-1.)

2. Defendant Moody's training includes the required basic corrections course. In addition, every year he receives a minimum of 40 hours of additional training, which has included courses on policies and procedures, use of control, unarmed self-defense and the supervision of inmates. (Moody Aff., ¶ 2.)

3. Defendant McCarty has been a corrections officer at the Cumberland County Jail since 2004. (Derek McCarty Aff., ¶ 1, ECF No. 58-2.)

4. Defendant McCarty's training includes the required basic corrections course. In addition, every year he receives a minimum of 40 hours of additional training which has included courses on policies and procedures, use of control, unarmed self-defense and the supervision of inmates. (McCarty Aff., ¶ 2.)

5. Defendant Joyce has been the Sheriff of Cumberland County since January 2011. (Kevin Joyce Aff., ¶ 1, ECF No. 58-3.)

6. As Sheriff of Cumberland County, Defendant Joyce has final decision making authority regarding all policy and operational matters at the Cumberland County Jail. (Joyce Aff., ¶ 2.)

7. The Cumberland County Sheriff's Office Corrections Division Policy and Procedure Manual contains the official policies and procedures of the Cumberland County Jail. Staff is required to review and be knowledgeable about and conversant with the policies in the manual. Staff can review the manual through use of a computer. (Joyce Aff., ¶ 3.)

8. Cumberland County Jail Policy and Procedure has a policy entitled "Use of Force," which is the official policy and procedure of the Cumberland County Jail regarding the use of force and was in effect on the date of the incidents alleged in this matter. (Joyce Aff., ¶ 4; Exhibit 1.)

9. Defendant Joyce was not at the scene of the incidents about which Plaintiff complains in this matter. Defendant Joyce did not have any involvement either by participation, direction or supervision in events about which Plaintiff complains. (Joyce Aff., ¶ 5.)

10. Whenever allegations of excessive force are brought to Defendant Joyce's attention, an internal affairs investigation is conducted. If the allegations are substantiated, the officers involved are disciplined. (Joyce Aff., ¶ 6.)

11. There have been no internal affairs investigations that have substantiated the excessive use of force by either Defendants Moody or McCarty. (Joyce Aff., ¶ 7.)

(Statement of Material Facts, ECF No. 58.)

**SUMMARY JUDGMENT STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "After the moving party has presented evidence in support of its motion for summary

judgment, 'the burden shifts to the nonmoving party, with respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact reasonably could find in his favor.'" *Woodward v. Emulex Corp.*, 714 F.3d 632, 637 (1st Cir. 2013) (quoting *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 158 (1st Cir. 1998)).

A court reviews the factual record in the light most favorable to the non-moving party, resolving evidentiary conflicts and drawing reasonable inferences in the non-movant's favor. *Perry v. Roy,* 782 F.3d 73, 77 (1st Cir. 2015). If the court's review of the record reveals evidence sufficient to support findings in favor of the non-moving party on one or more of his claims, a trial-worthy controversy exists and summary judgment must be denied to the extent there are supported claims. *Id.* at 77-78 ("The district court's role is limited to assessing whether there exists evidence such that a reasonable jury could return a verdict for the nonmoving party.") (internal quotation marks and alteration omitted). Unsupported claims are properly dismissed. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . .").

## DISCUSSION

Defendants Cumberland County and Joyce contend summary judgment is warranted because the record lacks any evidence that Defendant Joyce was involved in the alleged incidents, or that the incidents were the product of inadequate training or an unlawful policy, custom or practice established by Defendant Joyce or Defendant Cumberland County. Because Plaintiff asserts his claims pursuant to 42 U.S.C. § 1983 and the Maine Civil Rights Act, 5 M.R.S. § 4682, the same analysis governs the assessment of Plaintiff's claims under both statutes.[1] *See Cady v.*

---

[1] [M]unicipalities and other local governmental bodies are "persons" within the meaning of [42 U.S.C. § 1983]. *See Bd. of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997).

*Walsh*, 753 F.3d 348, 356 n.6 (1st Cir. 2014) (citing *Berube v. Conley*, 506 F.3d 79, 85 (1st Cir. 2007) ("The disposition of a 42 U.S.C. § 1983 claim also controls a claim under the MCRA.")).

## A. Supervisory Liability

Supervisory officials are legally responsible for constitutional violations committed by a subordinate if the subordinate's behavior resulted in a constitutional violation, and the supervisor's own action or inaction can be affirmatively linked to the subordinate's conduct through record evidence, which could include evidence of "'supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference.'" *Estate of Bennett v. Wainwright*, 548 F.3d 155, 176-77 (1st Cir. 2008) (quoting *Pineda v. Toomey*, 533 F.3d 50, 54 (1st Cir. 2008)); *Norton v. City of S. Portland*, 831 F. Supp. 2d 340, 365 (D. Me. 2011).

Here, the undisputed evidence establishes that Defendant Joyce was not involved in any supervisory way – through participation, direction or supervision – in the incidents about which Plaintiff complains. Based on the record evidence, therefore, Defendant Joyce is entitled to summary judgment on Plaintiff's supervisory claims.

## B. Failure to Train

A plaintiff can succeed on a failure to train claim "[o]nly if the failure to train 'amounts to *deliberate indifference* to the rights of persons with whom the police come into contact,' and is 'closely related' to, or 'the moving force' behind, the constitutional injury . . . ." *Hayden v. Grayson*, 134 F.3d 449, 456 (1st Cir. 1998) (emphasis in original) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388-89, 391 (1989)). Deliberate indifference requires evidence that the defendant had active or constructive knowledge of a training deficiency that exposed the plaintiff to a substantial risk of deprivation of his constitutional rights, yet failed to act to prevent the deprivation. *Young v. City of Providence*, 404 F.3d 4, 28 (1st Cir. 2005). Knowledge of such risk

can be demonstrated by evidence of a pattern of prior constitutional violations, or by "'a narrow range of circumstances'" in which a violation of a constitutional right is a "'highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations.'" *Id.* (quoting *Bd. of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 409 (1997)).

The record evidence demonstrates that Cumberland County had a policy regarding excessive force, the written policy was available to the officers, and the corrections officers received regular training on the County's policies and procedures and/or were required to be conversant with the policies and procedures.[2] Indeed, Plaintiff has offered no record evidence to suggest Defendants Cumberland County and Joyce failed to train the officers on the applicable policies and procedures. Defendants are thus entitled to summary judgment on Plaintiff's claim of failure to train the officers.

**C.     Policy, Custom or Practice**

To establish that a municipality is liable for a constitutional deprivation caused by one of its employees, a plaintiff must demonstrate that the deprivation was the product of an official policy, or "a custom or practice … so 'well-settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice.'" *Bisbal-Ramos v. City of Mayagűez*, 467 F.3d 16, 23-24 (1st Cir. 2006) (quoting *Silva v. Worden,* 130 F.3d 26, 31 (1st Cir. 1997)). "The custom or practice must also be the cause and moving force behind the deprivation of constitutional rights." *Id.* at 24.

---

[2] Plaintiff maintains that an unknown sheriff's deputy participated in the use of force. Plaintiff, however, has not offered any statement or evidence regarding the identity of the individual, nor has Plaintiff provided any record evidence that would support a conclusion that the individual was not trained appropriately in the use of force. In addition, although Defendants have not addressed the unknown individual's specific training, according to Defendant Joyce, whose affidavit testimony is uncontroverted, the Cumberland County Sheriff's Office Corrections Division had in place at the pertinent time a policy on use of force, and all personnel of the Sheriff's Office must review and be knowledgeable about and conversant with the policies and procedures of the Sheriff's Office. (Joyce Aff. ¶¶ 3, 4, ECF No. 58-3.)

The undisputed record evidence establishes that Cumberland County maintains an appropriate policy regarding the use of force. Similarly, Defendants' assertion that the policies and procedures are made available to the County personnel is uncontroverted. Accordingly, summary judgment is appropriate on Plaintiff's policy, custom or practice claims against Defendant Cumberland County.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Defendant Cumberland County's and Defendant Joyce's Motion for Summary Judgment (ECF No. 57), and enter judgment in favor of Defendants Cumberland County and Joyce on Counts VII, VIII, XIII, and XIV of Plaintiff's amended complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of December, 2016.