UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DALE MADDOCKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00168-JAW |
| | ) | |
| PORTLAND POLICE | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AFFIRMING THE RECOMMENDED DECISION ON PORTLAND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

No objection having been filed to the Magistrate Judge's Recommended Decision dated January 30, 2017 (ECF No. 65), the Recommended Decision is accepted.[1]

---

[1] The Magistrate Judge recommends that the Court grant judgment in favor of the movants on all claims against them, including Mr. Maddocks' claims of excessive force against Portland police officers Jessica Brown, Frank Gorham, and Henry Johnson. *Recommended Decision on Portland Defs.' Mot. for Summ. J.* at 17 (ECF No. 65) (*Rec. Dec.*). Mr. Maddocks' excessive force claims are contained in Counts I, III, and XI of his Amended Complaint. *Pl.'s Am. Compl.* ¶¶ 40, 47; 91 (ECF No. 19) (*Compl.*). However, the Court notes that in his discussion of Mr. Maddocks' excessive force claims, the Magistrate Judge explicitly mentions only Count I, as well as Count II; Count II asserts a state law cause of action for assault and battery. *Rec. Dec.* at 13–14. Nevertheless, because the Magistrate Judge's excessive force analysis applies equally to Counts III and XI, the Court adopts the recommendation and grants judgment in favor of the movants on all claims against them.

Additionally, Mr. Maddocks' Complaint asserts claims against Officers Brown, Gorham, and Johnson for false imprisonment under Maine common law (Count I), as well as false arrest under the Maine Civil Rights Act (Count III) and 42 U.S.C. § 1983 (Count XI). *Compl.* ¶¶ 33–41, 47, 91. In his analysis, the Magistrate Judge does not distinguish between false imprisonment under Maine common law and false arrest under the Maine and United States Constitutions. *Rec. Dec.* at 9–13. For purposes of clarification, the Court notes that the analysis of a claim of false imprisonment under state common law and a claim of false arrest under state or federal constitutional law is the same. *See Sadulsky v. Town of Winslow*, No. 1:14-cv-01-GZS, 2015 U.S. Dist. LEXIS 102178, at *51 (D. Me. Aug. 5, 2015) (holding that the existence of probable cause for an arrest is a complete defense to a claim of

1. It is therefore <u>ORDERED</u> that the Recommended Decision of the Magistrate Judge be and hereby is <u>AFFIRMED</u>.

2. It is further <u>ORDERED</u> that Defendants Portland Police Department, Chief Michael Sauschuck, Officer Jessica Brown, Sergeant Frank Gorham and Officer Henry Johnson's Motion for Summary Judgment (ECF No. 50) be and hereby is <u>GRANTED</u>.

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 19th day of May, 2017

---

false imprisonment or false arrest) (citing *Betts v. Shearman*, 751 F.3d 78, 82 (2nd Cir. 2014)).