UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DALE MADDOCKS, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 2:15-cv-00168-JAW |
| PORTLAND POLICE DEPARTMENT, et al., | ) ) ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON MOTION FOR SANCTIONS**

In this action, Plaintiff Dale Maddocks alleges Defendants violated his constitutional rights in connection with an arrest and detention in May 2013. The matter is before the Court on the Portland Defendants' Motion for Sanctions,[1] in which motion the County Defendants joined.[2] (ECF Nos. 52/56.) Through the motion for sanctions, Defendants request dismissal of the action based on certain discovery violations committed by Plaintiff.[3] Plaintiff has not filed an opposition to the motion.

Following a review of the motion and the record, I recommend the Court grant the motion and dismiss the matter unless, within the time for the filing of objections to this Recommended Decision (14 days), Plaintiff demonstrates to the Court in writing cause for

---

[1] The Portland Defendants consist of Defendants Portland Police Department, Michael Sauschuck, Jessica Brown, Frank Gorham, and Henry Johnson.

[2] The County Defendants consist of Defendants Cumberland County, Kevin Joyce, Derek McCarty, and Erik Moody.

[3] The Portland Defendants and County Defendants Cumberland County and Kevin Joyce also moved for summary judgment. The Court granted the motions. (Recommended Decisions, ECF Nos. 64 and 65; Orders Affirming Recommended Decision, ECF Nos. 66 and 67.) Accordingly, the only remaining defendants are County Defendants Derek McCarty and Erik Moody.

his failure to respond to the motion for sanctions and otherwise demonstrates that he intends to prosecute this case.

## Background Facts[4]

Plaintiff's deposition was originally noticed for June 16, 2016, at 10:00 a.m., in Portland, Maine, at the offices of counsel for the Portland Defendants. Plaintiff appeared for the deposition. Due to a miscommunication, a court reporter did not appear for the deposition. Counsel informed Plaintiff that the deposition would be delayed for a brief period of time in order to secure a replacement court reporter. Plaintiff did not wait for a court reporter to appear. Instead, he left the premises and the deposition was not held.

Defendants rescheduled the deposition of Plaintiff for June 27, 2016, at 11 a.m., at a public building in Machias, which location was more convenient for Plaintiff. The deposition of Plaintiff's girlfriend (Ms. McGregor), a potential trial witness, was scheduled for 10 a.m. on June 27.

Defense counsel and the court reporter arrived at the deposition location at approximately 9:30 a.m. When Ms. McGregor failed to appear for her deposition as scheduled, counsel attempted to contact her and reached her daughter, who advised that she understood Plaintiff and Ms. McGregor were on their way to the depositions. Because Plaintiff and Ms. McGregor did not appear after the passage of more time, counsel contacted Ms. McGregor's daughter and obtained a cell phone number for Ms. McGregor. When counsel reached Plaintiff and Ms. McGregor, they reported they had waited at the

---

[4] Because Plaintiff did not file a response to the motion for sanctions and thus waived objection to the motion (*see* D. Me. Loc. R. 7(b)), the facts set forth herein are based on the facts as outlined in the motion for sanctions.

deposition location for approximately 45 minutes, but left because the lawyers never appeared. Counsel for defendants were at the deposition location beginning at 9:30 a.m. The telephone call occurred before 11 a.m., the time scheduled for Plaintiff's deposition. Plaintiff nevertheless did not appear for his deposition.

The Portland Defendants subsequently requested a telephonic conference with the Court to address certain discovery issues, including their inability to conduct Plaintiff's deposition and Plaintiff's failure to provide responsive signed answers to interrogatories. As the result of the telephonic conference, the Court ordered:

> Defendants shall notice the depositions of Plaintiff and Ms. McGregor for August 18, 2016. The parties agree that the depositions will take place in Bangor, Maine. All parties shall appear for the depositions as scheduled.

(Order, ECF No. 46.) At that time, the Portland Defendants agreed they would not seek an order requiring Plaintiff to supplement his answers to interrogatories, but would determine whether to do so based on the information provided by Plaintiff at his deposition.

Pursuant to the Court's Order, Plaintiff appeared for the deposition, but refused to answer any questions regarding his service-connected disability. Plaintiff confirmed that he was making a claim for damages for physical and psychological or emotional injuries, but refused to answer questions related to prior conditions, including the basis for his service-connected disability. (Maddocks Dep. at 14 – 17, ECF No. 52-2.) Plaintiff claimed that he was ordered by the military not to tell anybody about his service-connected disability. Plaintiff stated he would not answer the questions even if the Court ordered him to do so. (*Id.* at 25.)

Counsel recessed the deposition and requested a telephonic conference with the Court to address Plaintiff's refusal to answer the questions. During the conference, the Court ordered that given Plaintiff's claim for damages, Plaintiff must answer the questions regarding his service-related disability and cautioned him that his failure to do so could provide Defendants with a basis to seek further relief from the Court, including the imposition of sanctions. Plaintiff understood further court action was possible if he refused to answer the questions. (*Id.* at 114 – 115.) Plaintiff continued to refuse to answer the questions.

## Discussion

Defendants request dismissal of Plaintiff's case as a sanction. Federal Rule of Civil Procedure 37 authorizes the imposition of sanctions against a party for failure to cooperate in discovery. Where appropriate, a court may prohibit a party "from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). A court also may under appropriate circumstances "strike pleadings in whole or in part," or dismiss the action "in whole or part." Fed. R. Civ. P. 37(b)(2)(A)(iii), (v). Such sanctions are authorized where the party fails to attend its own deposition after being served with proper notice. Fed. R. Civ. P. 37(d). Notably, the First Circuit has affirmed a sanction of dismissal for a party's failure to attend his deposition. *Guex v. Allmerica Fin. Life Ins. & Annuity Co.*, 146 F.3d 40, 42 (1st Cir. 1998) (per curiam). In addition, Rule 30 authorizes "an appropriate sanction" for conduct that "impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

Dismissal as a sanction should be used cautiously. "Prior to choosing the harsh sanction of dismissal, a district court should consider the broad panoply of lesser sanctions available to it, such as contempt, fines, conditional orders of dismissal, etc. The severe sanction of dismissal serves as a powerful means of deterring others from frustrating the district court's well justified efforts at docket management, but it is not the only such deterrent." *Crossman v. Raytheon Long Term Disability Plan*, 316 F.3d 36, 39 – 40 (1st Cir. 2002) (internal quotation marks and citations omitted). When assessing whether dismissal is warranted, a court must consider "the gravity of the violation and balance it with the need for order in the trial court, the prejudice to the other party, and the preference for disposing of a case on the merits." *Id*. (citing *Young v. Gordon,* 330 F.3d 76, 81 (1st Cir. 2003)).

Plaintiff has failed to contest Defendants' request for dismissal. Local Rule 7 provides: "Unless within 21 days after the filing of a motion the opposing party files written objection thereto, incorporating a memorandum of law, the opposing party shall be deemed to have waived objection." D. Me. Loc. R. 7(b). Under Rule 7, therefore, Plaintiff has waived objection to Defendants' request for dismissal.

The lack of objection to the motion for sanctions is consistent with Plaintiff's general approach to the case. The record reflects Plaintiff has not participated in the case as required by the applicable rules of procedure or the Court's orders. Despite three good faith attempts, Defendants have been unable to complete Plaintiff's deposition due primarily to Plaintiff's refusal to comply with the deposition notices and the Court's order regarding his deposition testimony. Plaintiff also did not respond to Defendants' motions

for summary judgment. In fact, a review of the docket reveals that Plaintiff has not communicated in any way with the Court in more than five months.

Plaintiff's failure to comply with the procedural rules and to comply with the Court's orders is not insignificant. "[D]isobedience of court orders is inimical to the orderly administration of justice and, in and of itself, can constitute extreme misconduct." *Young*, 330 F.3d at 81. Plaintiff's apparent lack of interest in the prosecution of this case is also concerning. Indeed, "[a] district court's inherent powers to sanction parties for litigation abuses include the power to act *sua sponte* to dismiss a suit for failure to prosecute." *Diaz-Santos v. Dep't of Educ. of Commonwealth of P.R.*, 108 F. App'x 638, 640 (1st Cir. 2004). Under the circumstances, dismissal is warranted unless Plaintiff demonstrates cause for his failure to respond to the motion for sanctions and that he otherwise intends to prosecute this case.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant the motion for sanctions, and dismiss the matter unless, within the time for the filing of objections to this Recommended Decision (14 days), Plaintiff demonstrates to the Court in writing cause for his failure to respond to the motion for sanctions and otherwise demonstrates that he intends to prosecute this case.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen

(14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                        /s/ John C. Nivison
                                        U.S. Magistrate Judge

Dated this 25th day of May, 2017.